IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. |
| ) | |
| Alexander Enrique ORTIZ CARRANZA ) | |
| a/k/a "Alexander Edwin ORTIZ" ) | |
| Defendant ) | |

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Daniel Nichols, being duly sworn, depose and state:

1.  I am a Deportation Officer with U.S. Immigration and Customs Enforcement "ICE" at Fairfax, Virginia. I have been employed by ICE since March of 2007.

2.  My duties as a Deportation Officer with ICE include investigating administrative and criminal violations of the Immigration and Nationality Act, Title 8 of the United States Code and seeking, when applicable, prosecution and removal of violators. I have received training in general law enforcement, including training in Title 8 of the United States Code.

3.  This affidavit is submitted in support of a criminal complaint charging Alexander Enrique ORTIZ CARRANZA (also known as "Alexander Edwin ORTIZ"; hereinafter referred to as ORTIZ CARRANZA) with being found in the United States, after being denied admission, excluded, or removed, or having departed the United States while an order of exclusion, deportation, or removal was outstanding, subsequent to a conviction for the commission of an "aggravated felony," as defined in 8 USC Section 1101(a)(43) in violation of Title 8, United States Code, Sections 1326(a) and (b)(2). This affidavit is also submitted in support of an arrest warrant.

4.  The facts and information contained in this affidavit are based upon my training and experience, participation in immigration investigations, personal knowledge, and observations during the course of this investigation, as well as the observations of other

1

agents involved in this investigation. All observations not personally made by me were related to me by the individuals who made them or were conveyed to me by my review of records, documents, and other physical evidence obtained during the course of this investigation. This affidavit contains information necessary to support probable cause and is not intended to include each and every fact and matter observed by me or known to the Government.

5. On or about August 31, 2014, U.S. Immigration and Customs Enforcement, Secure Communities Initiative, located in Lorton, Virginia, received information that ORTIZ CARRANZA was arrested by the Metropolitan Police Department in Washington DC on a criminal charge. ORTIZ CARRANZA was released from custody pending the outcome of the criminal charge in the Superior Court for the District of Columbia. ORTIZ CARRANZA was fingerprinted and photographed by the Metropolitan Police Department during this arrest.

6. On or about October 8, 2014, I requested a copy of the fingerprints taken from ORTIZ CARRANZA in Washington, DC. On or about October 9, 2014, I processed these fingerprints through an ICE system called IDENT, which contains fingerprint records of known aliens. Searches through these systems revealed positive matches to ORTIZ CARRANZA associated with FBI number 461290WA7 and Alien Registration File number A044 609 830.

7. On or about October 9, 2014, I conducted a review of documents from ORTIZ CARRANZA's immigration file. A review of these documents showed the following information regarding ORTIZ CARRANZA:
   a. his true and correct name is Alexander Enrique ORTIZ CARRANZA;
   b. he was born in El Salvador;
   c. he is a citizen and national of El Salvador;
   d. on or about December 18, 2001, he was ordered deported by an Immigration Judge in Arlington, Virginia;
   e. he was previously deported or removed from the United States;
   f. he did not receive permission from the Attorney General of the United States or his successor, the Secretary of the Department of Homeland Security, to reapply for admission to the United States after being removed;

Specifically, the file contained an executed Immigration Service form I-205, Warrant of Removal/Deportation, bearing the photograph, fingerprint, and signature of ORTIZ CARRANZA. This record also showed that ORTIZ CARRANZA was removed on or about February 15, 2002 via Chantilly, Virginia to El Salvador. Additionally, photographs contained in ORTIZ CARRANZA's file matched the arrest photograph of ORTIZ CARRANZA taken in Washington DC on or about August 31, 2014.

8. On or about October 9, 2014, I conducted records checks of immigration databases. These databases confirmed the information that was contained in ORTIZ CARRANZA's immigration file.

9. On or about October 9, 2014, I submitted five exhibits containing ORTIZ CARRANZA's fingerprints to the FBI Special Processing Center for comparison. These exhibits consisted of (a) fingerprints taken prior to his previous removal, (b) the fingerprint contained on the Immigration Service form I-205, Warrant of Removal/Deportation showing his removal on or about February 15, 2002, and (c) the fingerprints obtained on or about August 31, 2014 in Washington DC. On October 9, 2014, the FBI responded by stating that all exhibits submitted were identical to one another and with FBI number 461290WA7, ORTIZ CARRANZA.

10. Documents contained in ORTIZ CARRANZA's Immigration file revealed that he previously has been convicted a crime that meets the definition of an "aggravated felony," as defined in 8 USC Section 1101(a)(43)(B), which states that the term "aggravated felony" encompasses "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined I section 924(c) of Title 18)." Specifically, on or about September 26, 2000, in the Superior Court of the District of Columbia, ORTIZ CARRANZA was convicted of Attempted Distribution of Cocaine, in violation of D.C. Code section 33-549.. He was sentenced to a term of imprisonment of from 2 to 6 years, all of which was suspended except for 6 months in jail and 18 months of supervised probation.

11. ORTIZ CARRANZA's immigration file indicates that ORTIZ CARRANZA does not have any immigration benefit, document, or status that would allow him to enter, be

admitted, pass through, or reside in the United States legally and that he has neither sought nor obtained permission from the Attorney General or the Secretary of Homeland Security to reenter the United States following his prior removal.

12. Based on the foregoing, I submit that there is probable cause to believe that on or about August 31, 2014, in Washington, DC, within the District of Columbia, the defendant ORTIZ CARRANZA, having been removed from the United States on or about February 15, 2000, after having been convicted of an "aggravated felony," as defined in 8 USC Section 1101(a)(43), was found in the United States without having obtained the express consent of the Attorney General of the United States or of his successor, the Secretary of the Department of Homeland Security, to reapply for admission to the United States.

_____
Daniel Nichols
Deportation Officer
Immigration and Customs Enforcement

Sworn to and subscribed before me on the \_\_\_\_\_ day of November 2014, in Washington, District of Columbia.

_____
Hon. Alan Kay
United States Magistrate Judge